IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| FABIAN SUNIGA, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-198 |
| § | |
| CHET MORRISON GENERAL § | |
| CONTRACTORS, INC. and § | |
| SUPERIOR ENERGY SERVICES, LLC, § | |
| § | |
| Defendants. § | |

**ORDER DENYING DEFENDANT SUPERIOR ENERGY'S MOTIONS TO DISMISS**

Plaintiff began his employment with Chet Morrison Diving, L.L.C. as a dive tender in October 2004. In December 2004, Plaintiff was assigned to a job tying in pipes from a fixed platform located in Louisiana waters. During the operations, the divers dove from the platform while all of their diving equipment was stationed on a lift boat. Plaintiff has sued Defendants pursuant to the Jones Act. Defendant Superior Energy Services, LLC ("Superior") argues that Plaintiff was not a seaman and is therefore ineligible for relief under the Jones Act. Accordingly, now before the Court is Superior's Motion to Dismiss for lack of subject matter jurisdiction. For the reasons stated below, the Motion is **DENIED**.

I. Analysis

District courts are powerless to exercise jurisdiction in excess of the limited jurisdiction statutorily conferred upon them by Congress. *See Margin v. Sea-Land Servs., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987). A case is properly dismissed for lack of subject matter jurisdiction when a court lacks

the statutory or constitutional power to adjudicate the case. *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). The only asserted basis for jurisdiction in this case is the Jones Act, which provides a federal right of action for damages to seamen injured in the course of their employment. *See* 46 U.S.C. App. § 688. Superior argues that since Plaintiff was working on a fixed platform in state waters at the time of his injury, he is not a seaman and cannot recover damages pursuant to the Jones Act or other maritime law. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). If Plaintiff is not a seaman, he is not entitled to relief under the federal compensation schemes alleged, and this Court has no subject matter jurisdiction over this case. *See Hall v. Environmental Chemical Corp.*, 64 F. Supp. 2d 638, 640 (S.D. Tex. 1999).

Plaintiff argues that as a diver, he is not subject to the general rule that fixed platforms are not considered vessels and therefore, employees working on fixed platforms are not seamen. *See Rodrigue v. Aetna Casualty Co.*, 395 U.S. 352, 89 S. Ct. 1835, 23 L. Ed. 2d 360 (1969). Rather, he argues that professional divers are peculiarly subject to the perils of the sea and may qualify for seaman status on that basis, even if they do not meet the traditional seaman requirements. *See Roberts v. Cardinal Services, Inc.*, 266 F.3d 368 (5th Cir. 2001); *Wisner v. Professional Divers of New Orleans*, 731 So.2d 200 (La. 1999); *Little v. Amoco Production Company*, 734 So.2d 933 (La. App. 1999).

The Supreme Court has identified "two basic elements" of seaman status: "The worker's duties must contribute to the function of the vessel or to the accomplishment of its mission, and the worker must have a connection to a vessel in navigation (or an identifiable fleet of vessels) that is substantial in terms of both its duration and its nature." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 376, 115 S. Ct. 2172, 2194, 132 L. Ed. 2d 314 (1995). A "Jones Act inquiry is fundamentally status based:

Land-based maritime workers do not become seamen because they happen to be working on board a vessel when they are injured, and seamen do not lose Jones Act protection when the course of their service to a vessel takes them ashore." *Id.* at 360.  In short, that Plaintiff happened to be on a platform (which would not qualify as a vessel for purpose of Jones Act analysis) at the time of his injury is not dispositive of his status as a seaman.

Rather, Plaintiff is entitled to Jones Act relief based on the diver exception adopted by the Louisiana Supreme Court and implicitly approved of by the Fifth Circuit.  *See Roberts*, 266 F.3d 368; *Wisner*, 731 So.2d 200.  In *Wisner*, the plaintiff was a professional diver working aboard a fixed platform.  The trial court found that he was not a seaman since he did not have a substantial connection to a vessel or fleet of vessels under common ownership or control.  The Louisiana Supreme Court reversed after finding that the plaintiff "faced regular exposure to the perils of the sea." *Wisner*, 731 So.2d at 731.  In short, the court found that "a thorough consideration of the law and 'total circumstances'" of the plaintiff's employment required the court to find that he was a seaman.  In doing so, the court noted that "it is the inherently maritime nature of the tasks performed and perils faced by Wisner as a commercial diver, perhaps the most precarious work at sea, and not the fortuity of his tenure on various vessels, that makes Wisner a seaman." *Id.* at 205.  Specifically, it noted that:

> A diver's work *necessarily* involves exposure to numerous perils, and is inherently maritime because it cannot be done on land.  It is not, like so many offshore field occupations, an art developed in land work and transposed to a maritime setting.  Oil field divers who regularly spend days or weeks at a time working, eating, and sleeping on vessels are exposed to the same hazards as other seamen.  Moreover, when a diver descends from the surface, braving darkness, temperature, lack of oxygen, and high pressures, he embarks on a marine voyage in which his body is now the vessel.  Before he can

    complete his assigned task, he must successfully navigate the seas.
*Id.* at 204 (citing *Wallace v. Oceaneering Int'l*, 727 F.2d 727, 436 (5th Cir. 1984)).

The Fifth Circuit, in *Roberts*, noted the diver exception carved out by the Louisiana Supreme Court and limited it to similar cases. *See Roberts*, 266 F.3d at 378. This is a similar case. In fact, this is an almost identical case, and Superior has presented no argument that the *Wisner* decision should not apply. Accordingly, it does apply, Plaintiff is a Jones Act seaman, and this Court has jurisdiction over this controversy.

II. Conclusion

    For the reasons stated above, the Defendant's Motion to Dismiss is **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**

**DONE** this 1st day of December, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge